UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ALONZO VINSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No.:   3:12-CV-524-TAV-CCS |
| | ) |
| J.R. MILLER, Warden, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

Alonzo Vinson ("Petitioner"), a Tennessee inmate acting pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the legality of his confinement under a 2008 Knox County, Tennessee Criminal Court judgment. Petitioner pled guilty to one count of aggravated assault and received a sentence of fifteen years [Doc. 1]. Warden Miller ("Respondent") has filed an answer to the petition, which was supported by copies of the state record [Doc. 10]. Petitioner has failed to reply, and the time for doing so has passed.

**I.    PROCEDURAL HISTORY**

Following his guilty plea and sentencing, Petitioner did not file a direct appeal to the Tennessee Court of Criminal Appeals, or the Tennessee Supreme Court [Doc. 1]. Petitioner subsequently filed a petition for post-conviction appeal in the Knox County Criminal Court which was dismissed, and the dismissal was affirmed on appeal by the Tennessee Court of Criminal Appeals. *Vinson v. State*, No. E2011-00735-CCA-R3-PC, 2012 WL 3029549 (Tenn. Crim. App. July 25, 2012). Petitioner did not appeal to the Tennessee Supreme Court. Thereafter, Petitioner filed this timely habeas corpus petition.

## II. BACKGROUND

The brief factual recitation below is taken from the Findings and Conclusions of the Knox County Criminal Court, which was affirmed on appeal to the Tennessee Court of Criminal Appeals, following Petitioner's post-conviction hearing.

> The Petitioner entered a plea of guilty to aggravated assault. The Petitioner was originally charged with attempted first degree murder. After negotiations with counsel, Petitioner agreed to accept a sentence of fifteen years to serve 30%. Originally, negotiations required the Petitioner to plead to the indicted offense of attempt to commit first degree murder. As a result of negotiations between the State and [Petitioner's] attorney, Petitioner was allowed to plead guilty to aggravated assault and received a sentence of fifteen years. However, he was to be classified as a standard offender in order that his release classification status would be 30%. Therefore, his plea to fifteen years was outside a Range I offenders [sic]. In addition this agreement, the State agreed to intercede with authorities in order to preclude Petitioner from further charges by the Federal Government. This plea was entered on November 10, 2008. The transcript reveals that when the District Attorney announced the sentence, the trial court interjected that the sentence was outside the appropriate range. After discussing the plea agreement, the Petitioner answered in the affirmative that he understood the proposed plea.

[Addendum No. 1, Vol. 1, Findings and Conclusions, pp. 1–2].

## III. ANALYSIS

Petitioner's sole claim alleges that he is serving an illegal sentence. Petitioner appears to argue, as he did on post-conviction appeal, that because his sentence is outside the legal range of sentences for his class of offenders under Tennessee law, it is illegal [Doc. 1 p. 4; Doc. 10 p. 3]; *Vinson*, 2012 WL 3029549, at *2.

A petitioner seeking federal habeas relief from a state conviction may do so only on the ground that they are being held in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *see also Reed v. Farley*, 512 U.S. 339, 347 (1994). Sixth Circuit

case law establishes that an allegation that a sentence has been imposed in violation of a state sentencing law does not present a constitutional issue. *See, e.g.*, *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Sneed v. Donahue*, 993 F.2d 1239, 1244 (6th Cir. 1993) (finding that an assertion that sentences were aggregated under state law causing an illegal total sentence is not a cognizable habeas corpus claim). Petitioner's assertion that his sentence is illegal under Tennessee law is an allegation based solely on state law. Accordingly, it is not cognizable in this habeas proceeding.

**IV.     CONCLUSION**

For the above mentioned reason, the Court finds that Petitioner is not entitled to habeas relief. Therefore, Petitioner's petition for a writ of habeas corpus will be **DENIED**.

**V.      CERTIFICATE OF APPEALABILITY**

The Court must also consider whether to issue a Certificate of Appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Where a claim has been dismissed on the merits, a substantial showing is made if reasonable jurists could conclude that the issues raised are adequate to deserve further review. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a claim has been dismissed on procedural grounds, a substantial showing is demonstrated when it is shown that reasonable jurists would debate whether a valid claim has been stated and whether the court's procedural ruling is correct. *Slack*, 529 U.S. at 484.

After reviewing each of Petitioner's claims, the Court finds that reasonable jurists would not debate whether a valid claim has been stated or conclude that the issues raised are adequate to deserve further review. As such, because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA will not issue.

AN APPROPRIATE ORDER WILL ENTER.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE